IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

CITIMORTGAGE, INC.,

Plaintiff,

v.

ROSA CRUZ GONZÁLEZ-BENEJAN,

Defendant.

CIV. NO.: 11-1644(SCC)

## MEMORANDUM AND ORDER

In this foreclosure action, Plaintiff CitiMortgage, Inc., has filed a motion for summary judgment. Docket No. 66. For the reasons stated below, I grant that motion.

### I. Background[1]

On July 31, 2007, Defendant Rosa Cruz González-Benejan,

---

**1.** The facts below come from CitiMortgage's statement of uncontested material facts. *See* Docket No. 66, at 7–9. González has failed to oppose CitiMortgage's statement of facts, which is therefore deemed admitted as a whole.

along with her now-deceased husband, subscribed a mortgage note payable to Plaintiff CitiMortgage. The mortgage's principal was $107, 391.25, with an interest rate of 6.50% per year, due on August 1, 2037. To secure the payment of the principal and interest, González also executed a mortgage on property number 8,179, recorded at page 1, volume 303, of the Moca Property Registry, San Sebastian Section.[2] González is the owner of that property in fee simple.

Though CitiMortgage has given González various opportunities to satisfy the amounts owed, including a modification of the original mortgage, González is currently under default and owes the full principal, interest, and attorneys fees.[3]

**II. Analysis**

There is no doubt as to the validity of the mortgage executed by González, nor is there any doubt as to her obligations thereunder. It is moreover undisputed that González has not met her obligations under the mortgage. Under such circumstances, Puerto Rico law provides that the object of the

---

**2.** The Spanish-language description of the property can be found in the mortgage deed. *See* Docket No. 66, at 41.

**3.** Specifically, González owes $107,391.25 in principal, plus interest and late charges, as well as $11,165 in liquidated attorneys' fees.

mortgage "may be alienated to pay the creditor." P.R. LAWS ANN. tit. 31, § 5002.

González opposes CitiMortgage's motion, but she does so solely based on what she says is CitiMortgage's failure to disprove her counterclaim. González's opposition thus confuses the parties' relevant burdens. CitiMortgage moved, as it is entitled to do, for summary judgment on its own complaint. To that end, it proposed uncontested facts. It was González's responsibility at that point to show that there were issues of material facts that made summary judgment on CitiMortgage's claims impossible; she also could have chosen to seek summary judgment on her own counterclaim. However, González did none of these things. By failing to file a counterstatement of material facts, she admitted, for summary judgment purposes, the facts that CitiMortgage proposed. It hardly need be said that factual allegations in a counterclaim cannot defeat a properly supported motion for summary judgment.

González, in her answer to the complaint, made seven affirmative defenses, which she re-alleged as a counterclaim. It is these defenses that she argues CitiMortgage needed to preemptively refute to win on summary judgment. *See, e.g.*,

Docket No. 69, at 5. However, a summary judgment movant need not "preemptively tackle all of [the non-movant's] affirmative defenses." *Frerck v. Pearson Educ., Inc.*, Civ. No. 11-5319, — F. Supp. 2d —, 2014 WL 3906466, at *2 (N.D. Ill. Aug. 11, 2014); *see also, e.g.*, *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366–67 (Fed. Cir. 2003) (holding that a party asserting an affirmative defense must raise it "*in response* to a motion for summary judgment" (emphasis added)); *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993) (same); *United Cent. Bank v. Wells Street Apartments, LLC*, 957 F. Supp. 2d 978, 987–88 (E.D. Wis. 2013) (rejecting, in a foreclosure case, the argument that plaintiff had to disprove the defendant's affirmative defenses in its motion for summary judgment).[4] Thus, not only did CitiMortgage need not preemptively refute González's counterclaims, González waived those counterclaims by not properly asserting them in her response to the motion for summary judgment.

---

**4.** *But see Amwest Surety Ins. Co. v. Szabo*, Civ. No. 00-2716, 2001 WL 1230643, at *4 (N.D. Ill. Oct. 11, 2001) ("[A] moving party cannot simply ignore an affirmative defense; it must initially demonstrate the lack of a genuine issue of material fact as to that defense."); *Navistar Int'l Transp. Corp. v. Freightliner Corp.*, Civ. No. 96-6922, 1998 WL 786388, at *1–2 (N.D. Ill. Nov. 6, 1998) (similar).

*See United States v. Mottolo*, 26 F.3d 261, 263 (1st Cir. 1994) ("At summary judgment on the issue of liability, unproffered affirmative defenses to liability are deemed abandoned." (citing *Pittston Co.*, 984 F.2d at 478)).[5] For that reason, and because I grant summary judgment in favor of CitiMortgage, I must also dismiss González's counterclaim, which is based on the waived affirmative defenses. After all, if foreclosure is proper, González cannot recover for the alleged impropriety of the foreclosure.

## III. Conclusion

Based on the established facts, this Court has no choice but to enter summary judgment in CitiMortgage's favor. It's motion is GRANTED and judgment will follow. CitiMortgage is authorized to commence foreclosure proceedings pursuant or the applicable provisions of Puerto Rico's mortgage law, and it is authorized to carry out a public sale of the property described in the Complaint.

IT IS SO ORDERED.

---

**5.** *But see Am. Nat'l Fire Ins. Co. v. York Cnty.*, 582 F. Supp. 2d 69, 78 n.3 (D. Me. 2008) (holding that *Mottolo* does not require a court find that affirmative defenses "preserved in a defendant's answer but not raised in objecting to summary judgment are categorically waived *to the extent the case survives summary judgment*" (emphasis added)).

In San Juan, Puerto Rico, this 8th day of September, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE